IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Charles Hinton, | : |
| Plaintiff, | : Civil Action No.: 3:13-cv-430-s |
| v. | : |
| | : **COMPLAINT** |
| Versatile Marketing Solutions, Inc., | : |
| Defendant. | : |

For this Complaint, the Plaintiff, Charles Hinton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5. The Plaintiff, Charles Hinton ("Plaintiff"), is an adult individual residing in Louisville, Kentucky.

6. Defendant Versatile Marketing Solutions, Inc. ("Versatile"), is a Texas business entity with an address of 2720 North Stemmons Freeway, Suite 300, South Towers, Dallas, Texas 75207.

## FACTS

7. Within the last year, Defendant contacted Plaintiff by placing calls using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls") to Plaintiff's residential telephone.

8. Plaintiff has no prior business relationship with Defendant and never provided his consent to be contacted on his residential telephone.

9. Each of Defendant's Robocalls contained a recorded message offering Plaintiff a "free security system."

10. On at least five occasions, Plaintiff followed Defendant's prompt by pressing a button to be removed from Defendant's call list.

11. Plaintiff also followed the prompt on two separate occasions to speak with a live representative from Defendant.

12. During these conversations, Plaintiff again requested that Defendant's cease all Robocalls to his residential line.

13. Despite the repeated requests, Defendant continued to hound Plaintiff with Robocalls in a harassing manner.

### A. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without prior consent the Defendant made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

18. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

19. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II
## INTRUSION UPON SECLUSION

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Kentucky state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendant violated Kentucky state law.

22. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to his home.

23. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

24. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

25. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Punitive damages; and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 25, 2013

Respectfully submitted,

By  /s/ Joseph E. Blandford, Jr.

Joseph E. Blandford, Jr., Attorney at Law
1387 S. Fourth Street
Louisville, Kentucky 40208
Telephone: (855) 301-2100 Ext. 5535
Facsimile: (888) 653-9237
jblandford@lemberglaw.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237